JS 44 (Rev 06/17)

HB III

**CIVIL COVER SHEET**

18-cv-4805

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Autumn Young | Job Sherpa, LLC, Job Sherpa, LLC d/b/a DMVG Staffing, and Scott Shuster, individually |

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DEREK SMITH LAW GROUP, PLLC (Nathaniel N. Peckham, Esq.)
1835 Market Street, Suite 2950
Philadelphia, PA 19103    Tel (215) 391-4790

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❑ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U S Government Defendant
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane   ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product    Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | Liability   ❑ 367 Health Care/ | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers'   Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ❑ 368 Asbestos Personal   ❑ 340 Marine    Injury Product   ❑ 345 Marine Product    Liability | | ❑ 835 Patent - Abbreviated New Drug Application   ❑ 840 Trademark | ❑ 460 Deportation   ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY**   ❑ 350 Motor Vehicle   ❑ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit   ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders Suits | ❑ 355 Motor Vehicle   ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff)   ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/Exchange |
| ❑ 190 Other Contract | Product Liability   ❑ 380 Other Personal | ❑ 720 Labor/Management Relations | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal    Property Damage | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 196 Franchise | Injury   ❑ 385 Property Damage   ❑ 362 Personal Injury -    Product Liability   Medical Malpractice | ❑ 751 Family and Medical Leave Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters   ❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights   **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | ❑ 870 Taxes (U S Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 220 Foreclosure | ❑ 441 Voting   ❑ 463 Alien Detainee | | ❑ 871 IRS – Third Party 26 USC 7609 | |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment   ❑ 510 Motions to Vacate | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/   Sentence | | | |
| ❑ 245 Tort Product Liability | Accommodations   ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer w/Disabilities -   ❑ 535 Death Penalty   Employment   **Other:** | **IMMIGRATION** | | |
| | ❑ 446 Amer w/Disabilities -   ❑ 540 Mandamus & Other   Other   ❑ 550 Civil Rights   ❑ 448 Education   ❑ 555 Prison Condition   ❑ 560 Civil Detainee -    Conditions of    Confinement | ❑ 462 Naturalization Application   ❑ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U S C §§ 2000e to 2000e-17
Brief description of cause
Employment discrimination based on sex/gender, pregnancy, and retaliation

**VII. REQUESTED IN COMPLAINT:**
❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ❑ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE  11/01/2018
SIGNATURE OF ATTORNEY OF RECORD

NOV 06 2018

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

NOV 06 2018

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to appropriate calendar)*

18  4805

Address of Plaintiff _____ 717 E. Haverford Road, Bryn Mawr, PA 19010 _____

Address of Defendant _____ Two Bala Plaza, Suite 300, Bala Cynwyd, PA 19004 _____

Place of Accident, Incident or Transaction _____ Two Bala Plaza, Suite 300, Bala Cynwyd, PA 19004 _____

---

**RELATED CASE, IF ANY:**

Case Number _____    Judge _____    Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 11/01/2018    Nathaniel N Peckham    325064
Attorney-at-Law / Pro Se Plaintiff    Attorney I D # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A    Federal Question Cases:**

☐ 1    Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2    FELA
☐ 3    Jones Act-Personal Injury
☐ 4    Antitrust
☐ 5    Patent
☐ 6    Labor-Management Relations
☑ 7    Civil Rights
☐ 8    Habeas Corpus
☐ 9    Securities Act(s) Cases
☐ 10    Social Security Review Cases
☐ 11    All other Federal Question Cases
        *(Please specify)* _____

**B    Diversity Jurisdiction Cases.**

☐ 1.    Insurance Contract and Other Contracts
☐ 2    Airplane Personal Injury
☐ 3.    Assault, Defamation
☐ 4    Marine Personal Injury
☐ 5    Motor Vehicle Personal Injury
☐ 6    Other Personal Injury *(Please specify)* _____
☐ 7    Products Liability
☐ 8    Products Liability – Asbestos
☐ 9    All other Diversity Cases
        *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Nathaniel N. Peckham , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

DATE 11/01/2018    Nathaniel N Peckham    325064
Attorney-at-Law /Pro Se Plaintiff    Attorney I D # (if applicable)

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

NOV 06 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Autumn Young

v.

Job Sherpa, LLC, Job Sherpa, LLC d/b/a
DMVG Staffing, and Scott Shuster, individually

CIVIL ACTION

**18**    **4805**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 11/01/2018 | Nathaniel N. Peckham | Autumn Young |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 391-4790 | (215) 391-4790 | nathaniel@dereksmithlaw com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 06 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
-------------------------------------------------------------------X
AUTUMN YOUNG,

                                                Civil Action No.

                    Plaintiff,


JOB SHERPA, LLC;                            **COMPLAINT**
JOB SHERPA, LLC *d/b/a* DMVG STAFFING;
and SCOTT SHUSTER, *individually*;        Plaintiff Demands a
                                           Trial by Jury


                    Defendants.
-------------------------------------------------------------------X

Plaintiff, AUTUMN YOUNG, as and for her Complaint against the above Defendants

respectfully alleges upon information and belief as follows:


## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")) and the Pennsylvania Human Relations Act, and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of her sex/gender (including on the basis of her pregnancy), subjected to a hostile work environment on the basis of the same, and retaliated against by her employer for complaining of harassment and discrimination.


## JURISDICTION AND VENUE

2. This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964. This Court has supplemental jurisdiction over the State causes of action.

3. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the County of Montgomery, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events in issue took place in Montgomery County, Pennsylvania within the Eastern District of Pennsylvania.

4. On or about July 17, 2017, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against Defendants as set forth herein.

5. Around August 31, 2018, the EEOC issued Plaintiff her Notice of Right to Sue.

6. This action is being commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. Plaintiff AUTUMN YOUNG (hereinafter also referred to as Plaintiff and "YOUNG") is an individual female who is a resident of the Commonwealth of Pennsylvania.

8. At all times material, Defendant JOB SHERPA, LLC was and is a foreign limited liability company organized under the laws of the State of Delaware.

9. At all times material, Defendant JOB SHERPA, LLC did and continues to do business in the Commonwealth of Pennsylvania under the name of DMVG STAFFING (hereinafter "DMVG.")

10. At all times material, Defendant SCOTT SHUSTER (hereinafter "Defendant" and/or "SHUSTER"), was an employee of and the owner of Respondent DMVG.

11. At all times material, SHUSTER held direct supervisory authority over Plaintiff.

## MATERIAL FACTS

12. Plaintiff claims a continuing violation and makes all claims herein under the continuing violations doctrine.

13. Around July 27, 2016, Plaintiff began work in a part-time role as a "Staffing Manager" for Defendants DMVG at their Bala Cynwyd office, located at Two Bala Plaza, Suite 300, Bala Cynwyd, PA 19004.

14. Around September 1, 2016, Plaintiff began working as a full-time Recruiter for Defendants.

15. Approximately two months later, around November 1, 2016, Plaintiff underwent an ultrasound at Delaware County Memorial Hospital. At her appointment, Plaintiff learned that she was eight (8) weeks pregnant and was due to give birth on June 11, 2017.

16. Around mid-January 2017, Plaintiff accordingly informed SHUSTER she was four and a half months pregnant.

17. Plaintiff then informed SHUSTER that she would require health insurance during her pregnancy. In response, SHUSTER became angry with Plaintiff and stated in words or substance that "something doesn't add up here – can't you tell why people would be pissed off?"

18. Accordingly, Plaintiff obtained health insurance through Medicaid.

19. Around March 3, 2017, SHUSTER began alleging that Plaintiff was forgetful and no longer confident. SHUSTER further suggested that something was seriously "off" about Plaintiff.

20. Around late March 2017, SHUSTER promoted Plaintiff's co-worker, Paul (Last Name Unknown), to "Division Director," effectively demoting Plaintiff. SHUSTER then mandated that Plaintiff go home early.

21. Following this event, SHUSTER continued to harass Plaintiff, such as by continuing to allege that Plaintiff's personality and behavior had been altered dramatically.  By means of further example, SHUSTER would send Plaintiff text messages demeaning her on the basis of her sex.

22. Even more egregiously, SHUSTER demanded that Plaintiff speak to her doctor about medication that would ensure she acted "normal."

23. Throughout this time, SHUSTER continued to confront Plaintiff and to suggest something was "wrong" with Plaintiff. When Plaintiff explained to SHUSTER that any change in her demeanor could most reasonably be attributed to exhaustion and remedied by reasonable accommodation, SHUSTER simply told Plaintiff she was "making excuses."

24. Around mid-March 2017, Plaintiff asked SHUSTER to reduce her overtime hours, as Plaintiff was working long nights and weekends (despite her physical condition) in an effort to satisfy SHUSTER.

25. However, SHUSTER ignored Plaintiff's reasonable request for reduction in hours.

26. Around March 22, 2017, SHUSTER again verbally accosted Plaintiff and began to berate her, demanding that Plaintiff work overtime on the three following days.

27. SHUSTER was fully aware that Plaintiff had a doctor's appointment scheduled that week, on or around March 23, 2017.

28. In fact, on or around March 21, 2017, SHUSTER had demanded that Plaintiff make the above-mentioned doctor's appointment so that she could "try to get [herself] medicated."

29. On or around March 22, 2017, Plaintiff was hospitalized for severe abdominal pain resulting from a panic attack. Accordingly, Plaintiff informed SHUSTER via text message that she had been hospitalized.

30. Around the morning of March 23, 2017, Plaintiff's doctor advised her that due to a pregnancy-related issued, Plaintiff should no longer work overtime. Plaintiff's doctor also noted that the baby's heart rate was faster than usual, and that Plaintiff appeared extremely stressed.

31. Accordingly, later that same day, Plaintiff requested a reasonable accommodation for the duration of her pregnancy, specifically, that Plaintiff's work week would not exceed forty (40) hours.

32. In his reply, SHUSTER informed Plaintiff that a reduction in her hours was not a viable request. Instead, SHUSTER demanded that Plaintiff work ten (10) hours that Thursday, eleven (11) hours on Friday, and four (4) hours on Saturday to "fix her mess."

33. At the time, Plaintiff was at an appointment with her OB/GYN and was not able to immediately respond to SHUSTER'S texts.

34. Having not received an immediate response, Defendant SHUSTER proceeded to send an additional message to Plaintiff stating that he needed to know whether she would work the additional required hours. Otherwise, SHUSTER said, Plaintiff had to return her laptop to Defendants.

35. In response, Plaintiff texted SHUSTER again to explain that she was still at her doctor's office. Plaintiff also noted that she would be providing SHUSTER with her OB/GYN's written instructions.

36. Around March 23, 2017, SHUSTER sent a text to Plaintiff stating, "We accept your resignation."

37. Plaintiff did not resign; in fact, around March 23, 2017, Defendants wrongfully terminated Plaintiff.

38. Defendants wrongfully terminated Plaintiff because of her pregnancy, because of her reasonable request for an accommodation, and because she opposed the unlawful practices of Respondents.

39. The above are just some of the examples of the pervasive discrimination and harassment to which Defendants subjected Plaintiff.

40. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct. Plaintiff is having difficulty sleeping and eating.

41. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

43. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

44. Defendants have exhibited a pattern and practice of not only tolerating discrimination and retaliation, but also failing to investigate and cure the wrong once it has been reported.

45. Plaintiff claims alternatively (in the event Defendant claims so or the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law for Independent Contractors.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not against Defendant SHUSTER)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

48. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex and gender and due to her pregnancy.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not against Defendant SHUSTER)

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or

independent contractor is the best able and most competent to perform the services required."

54. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex and gender, and due to her pregnancy.

55. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

58. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

61. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Philadelphia, Pennsylvania         **DEREK SMITH LAW GROUP, PLLC**
       October 31, 2018         *Attorneys for Plaintiff Autumn Young*

By: _____
       Nathaniel N. Peckham, Esq.
       1835 Market Street, Suite 2950
       Philadelphia, Pennsylvania 19103
       Tel. (215) 391-4790
       nathaniel@dereksmithlaw.com